# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* TRAYLOR, Minor.

UNPUBLISHED
August 18, 2015

No. 325875
Kent Circuit Court
Family Division
LC No. 12-050165-NA

Before: TALBOT, C.J., and K. F. KELLY and SERVITTO, JJ.

PER CURIAM.

Respondent-father appeals as of right the January 14, 2015, order terminating his parental rights to the minor child under MCL 712A.19b(3)(c)(*i*) (failure to rectify conditions of adjudication), (c)(*ii*) (other conditions exist that could have caused the child to come within the court's jurisdiction and they have not been rectified), and (g) (failure to provide proper care and custody). We affirm.

The trial court must find that at least one of the statutory grounds in MCL 712A.19b(3) has been met by clear and convincing evidence in order to terminate parental rights. *In re VanDalen*, 293 Mich App 120, 139; 809 NW2d 412 (2011). "If the court finds that there are grounds for termination of parental rights and that termination of parental rights is in the child's best interests, the court shall order termination of parental rights and order that additional efforts for reunification of the child with the parent not be made." MCL 712A.19b(5).

Respondent argues that termination was not in the best interests of the child. We disagree.[1] The trial court must find by a preponderance of the evidence that termination is in a

---

[1] To the extent that respondent may also be challenging the statutory grounds for termination, we find no clear error in the court's decision. The trial court properly terminated respondent's parental rights pursuant to MCL 712A.19b(3)(g), because during a lengthy three-year proceeding, respondent never obtained safe and suitable housing (See *In re Laster*, 303 Mich App 485, 493-494; 845 NW2d 540 (2013)) and failed to address his substance abuse issues, admitting to smoking marijuana throughout the entire proceedings. Given respondent's failure to address these issues over the course of the lengthy proceeding, a change in his ability to provide

-1-

child's best interest. *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). We review the trial court's decision for clear error. *In re HRC*, 286 Mich App 444, 459; 286 NW2d 105 (2009). Factors to be considered include "the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *In re Olive/Metts*, 297 Mich App 35, 41-42; 823 NW2d 144 (2012)(internal citations omitted).

The record supports that termination was in the child's best interests. The child had been transferred in and out of numerous placements over the three-year proceeding; he deserved permanency and stability. However, respondent had no means which he could provide permanency and stability for the child. For three years, respondent failed to demonstrate that he was benefitting from the services provided. Further, given his failure to obtain housing or address his substance abuse issues, respondent showed no indication that he would be able to provide permanency and stability for the child in the foreseeable future. See *In re Frey*, 297 Mich App 242, 248-249; 824 NW2d 569 (2012). To the extent that respondent was able to parent and shared a bond with the child, the child's need for permanency and stability outweighed respondent's parenting ability and their bond. Therefore, the trial court did not clearly err in finding that it was in the best interests of the child to terminate respondent's parental rights.

Affirmed.

/s/ Michael J. Talbot
/s/ Kirsten Frank Kelly
/s/ Deborah A. Servitto

---

for the child is only a "mere possibility." See *In re Williams*, 286 Mich App 253, 273; 779 NW2d 286 (2009).